## S. COLTON v. THE STATE.

CONTINUANCE. — Defendant moved for a continuance because his ignorance of the indictment against him, and his imprisonment, disabled him from procuring witnesses to prove an *alibi;* but his motion named no witnesses, and gave no assurance that he could produce any if the continuance was granted. *Held*, that the showing fell far short of a legal one for a continuance, and did not even constitute a reasonable appeal to the discretion of the judge over the subject.

APPEAL from the District Court of Franklin. Tried below before the Hon. B. T. ESTES.

The appellant was indicted and convicted of breaking open the jail at Mount Vernon, the county-seat of Franklin County, on August 15, 1878, with intent to effect the escape of one Peter Moore, confined therein. The jury consigned appellant to the penitentiary for a term of six years.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.    A bill of exceptions, the only one in the transcript, states " that on the trial of this cause the defendant, by his counsel, asked the court to continue same, because the indictment states the time of the breaking of jail to be on the 15th day of August, 1878, which was not the correct date of the occurrence, as the defendant was this day informed ; that said indictment had not been made public, nor was the defendant apprised that there was such indictment against him, until his arrest on the 20th day of March, 1879 ; that since his arrest he had been confined in jail, and had not been able to ascertain the time of breaking ; he could not prepare for trial by having witnesses served with process to prove his (defendant's) whereabouts at the actual time of breaking ; that the *capias* was served on defendant on March 20, 1879." The bill of exceptions further shows that the court overruled the motion for a continuance, and that the defendant excepted to the ruling.

We are unable to see that if the matter contained in the bill of exceptions had been presented in the form of an affidavit, and duly sworn to by the defendant in person, it would have constituted a good ground for continuance, or even a reasonable appeal to the discretion of the court to continue the trial. It shows neither diligence, materiality, nor a probability of procuring the testimony at a subsequent term, even if it had tended to disprove the charge against him.

The motion in arrest of judgment is not set out in the transcript, nor are the grounds upon which it is made set out in the record. The only grounds of the motion for a new trial are, that the verdict is against the law as charged, and that it is against the evidence. From an examination of the case, in the absence of a statement of facts, we fail to discover any merit in the motion, and upon the whole we are of opinion the record discloses a fair and legal conviction,

.in a court of competent jurisdiction, on a sufficiency of evidence, and under a valid indictment. The judgment is affirmed.

*Affirmed.*